UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAHL MARCH,

    Plaintiff,

                                    Civil No. 08-12138
                                    District Judge Denise Page Hood

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, WASHINGTON MUTUAL
BANK, and TROTT & TROTT, P.C.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment **[Docket No. 46, filed on November 9, 2010]**.  Defendant responded on November 30, 2010 **[Docket No. 48]**.  Plaintiff replied to Defendant's Response on December 9, 2010 **[Docket No. 50]**.  Defendant filed a Second/Renewed Motion for Order of Dismissal or Summary Judgment on November 30, 2010 **[Docket No. 49]**.  Plaintiff responded to Defendant's Second/Renewed Motion for Summary Judgment on December 21, 2010 **[Docket No. 52]**.  Defendant replied to Plaintiff's Response on January 5, 2011 **[Docket No. 53]**.

**II.  STATEMENT OF FACTS**

Plaintiff, Jamaahl March ("March"), executed a home mortgage loan in favor of Defendant, Washington Mutual ("WaMu"), on April 8, 2003 in the amount of $87,300 for the purchase of property located at 9942 Heyden St., Detroit, MI.  Plaintiff's mortgage note was subsequently sold

to Defendant, Federal National Mortgage Association ("FNMA"), who initiated foreclosure proceedings after Plaintiff defaulted on the mortgage loan.  WaMu enlisted the assistance of Trott and Trott ("Trott"), a law firm specializing in debt collection and mortgage foreclosures.  On September 17, 2007, Defendant Trott received a Notice of Dispute letter from Plaintiff addressed to Defendant WaMu and Defendant Trott.  On September 26, 2007, Plaintiff's home was sold at a public auction foreclosure sale.

Plaintiff's Complaint initially named the 36th District Court for the State of Michigan for claims arising from its participation in the default judgment and subsequent judicial sale of his home, as well as Defendant FNMA.  However, this Court granted Defendant 36th District Court's Motion to Dismiss on March 31, 2009 [Docket No. 24].  On the same date, this Court granted Plaintiff's Motion for Leave to File First Amended Complaint, which added WaMu and Trott as Defendants [Docket No. 24].

### III.   APPLICABLE LAW

#### A.   Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This type of motion "tests the sufficiency of the complaint."  *Davey v. Tomlinson*, 627 F.Supp. 1458, 1463 (E.D. Mich. 1986).  In reviewing such motions, the court must construe the complaint in the light most favorable to the plaintiff and the court must take all of the complaint's well-pleaded factual allegations as true.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F.Supp.2d 575, 577 (E.D. Mich. 1999).  However, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Furthermore, "[i]n order for a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint."  *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

      **B.**      **Summary Judgment**

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party that fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In such a case, "there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* at 323.  In addition, the "mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

**IV.**      **APPLICABLE LAW AND ANALYSIS**

      **A.**      **Plaintiff's Motion for Summary Judgment**

            **1.**      **Defendant's Conduct and Violation of the FDCPA**

Under 15 U.S.C. § 1692g(a), written notice must be given to the debtor, within five days after the initial communication with the debtor, in connection with the collection of any debt.  15

U.S.C.A. § 1692g(a).  The written notice should include certain details about the debt and a statement that the debtor has a 30-day window to dispute the validity of the debt.  *Id*.  The notice should also inform the debtor that upon a timely request the debt collector will obtain verification of the debt, provide a copy of a judgment issued against the consumer, or provide the consumer with the name and address of the original creditor, if different from the current creditor.  *Id*.  Upon the consumer's written notice to the debt collector within the thirty-day window "that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."  15 U.S.C.A. § 1692g(b).

Defendant Trott argues that Plaintiff's September 12, 2007 letter was a Real Estate Settlement Procedures Act ("RESPA") qualified written request, not a request to validate a debt pursuant to 15 U.S.C. § 1692g.  Def.'s Mot. To Dismiss/Summ. J. at 12-13 [Docket No. 29]. Defendant contends that there is nothing in Plaintiff's correspondence that could be construed as a request to validate a debt pursuant to 15 U.S.C. § 1692g(b), and that the correspondence appears to be an internet sourced document purporting to be a RESPA request.  *Id*. at 13.

Plaintiff disagrees, referencing direct quotes from Plaintiff's September 12, 2007 letter in which Plaintiff requests that the parties "validate this debt so that it is accurate to the penny."  Pl.'s Am. Compl.  Ex. 2, at 2.  Plaintiff further cites the title of the letter, "RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, TILA REQUEST" as further evidence of Plaintiff's intent to request that his debt be

validated. *Id*. at 1.

Viewing the evidence in the light most favorable to the non-moving party, a genuine issue of material fact exists, as an examination of the contents of Plaintiff's September 12, 2007 letter in its entirety could lead a reasonable trier of fact to conclude that Plaintiff's letter was meant as a RESPA qualified written request seeking the disclosure of certain loan documents and not as a request to validate Plaintiff's debt under 15 U.S.C. § 1692g. Given the fact that there is a genuine issue of material fact, it would be improper to grant Plaintiff's motion for dismissal or summary judgment on the issue of whether Defendant's conduct violated the FDCPA.

### 2. Defendant's Conduct and Fraudulent Misrepresentation

Common law fraud claims in Michigan require Plaintiff to prove the following: "(1) defendant made a material representation; (2) the representation was false; (3) defendant knew, or should have known, that the representation was false when making it; (4) defendant made the representation with the intent that plaintiff rely on it; (5) and plaintiff acted on the representation, incurring damages as a result." *Foreman v. Foreman*, 701 N.W.2d 167, 175 (Mich. 2005).

This Court's September 24, 2010 Order stated that "Plaintiff's Amended Complaint does state with particularity facts that, if true, would constitute fraud." Order at 6 [Docket No. 44]. Plaintiff has failed to provide sufficient evidence to demonstrate that there is no genuine issue of material fact with respect to Defendant's alleged fraud or misrepresentation. In fact, Plaintiff's fraudulent misrepresentation claim ultimately depends upon the success of Plaintiff's claim that Defendant's conduct violated the FDCPA. Because Defendant's violation of the FDCPA remains a question of fact, dismissal or summary judgment on the issue of Defendant's fraud or misrepresentation is inappropriate.

### B. Defendant's Second/Renewed Motion for Summary Judgment

#### 1. Plaintiff's FDCPA Claims and Relation Back

According to Rule 15(c)(1) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or (C) the amendment changes the party or the naming party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Defendant Trott first argues that Plaintiff's FDCPA claims do not relate back to the original complaint. Def.'s Second/Renewed Mot. To Dismiss/Summ. J. at 5 [Docket No. 49]. Defendant further argues that the Court appears to accept or infer Trott's state of mind in regards to the issue of whether Trott knew or should have known that an action would have been brought against it. *Id.* at 6. In order to clarify Defendant Trott's state of mind, Defendant has submitted an affidavit from William Meagher, a shareholder/partner with Trott, which states that Trott had no notice that they would be involved in present litigation. *Id.* Ex. F.

However, this Court, in its September 24, 2010 Order, already addressed the relation back issue. The Court's order stated that Trott was not prejudiced in its defense by being added to the complaint and that the amended complaint concerns the same subject loan transaction as the original complaint. Order at 4 [Docket No. 44]. Since this Court has already held that the amended

complaint concerns the same transaction as the original complaint, Defendant's state of mind is not relevant, as Rule 15(c)(1)(B) states that a pleading relates back if the amendment asserts a claim or defense arising out of the conduct, transaction, or occurrence set out in the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Furthermore, in its Order this Court also stated that in the Sixth Circuit "the question of whether a party 'knew or should have known' is a question of fact." Order at 4 [Docket No. 44]. Plaintiff maintains that Defendant Trott knew or should have known that an action would be brought against it due to Plaintiff's September 12, 2007 Notice of Dispute letter addressed to both WaMu and Trott. This letter establishes a genuine issue of material fact such that dismissal or summary judgment on the relation back issue would be improper.

### 2. Definition of "Debt Collector" Under the FDCPA

Under 15 U.S.C. § 1692a, the term "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. In *Heintz v. Jenkins*, the Supreme Court held that attorneys can qualify as "debt collectors" under the FDCPA, noting that the FDCPA requirements apply to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. 291, 299 (1995). The *Heintz* court also stated that "litigating, at first blush, seems simply one way of collecting a debt." *Id*. at 297. In *Schroyer v. Frankel*, the Sixth Circuit interpreted the "regularly engage" language from FDCPA to mean that "an individual or entity must have more than an 'occasional' involvement with debt collection activities to qualify as a 'debt collector' under the FDCPA." 197 F.3d 1170, 1174 (6th Cir. 1999). The *Schroyer* court went on to hold that "for a court to find that

an attorney or law firm 'regularly' collects debts for purposes of the FDCPA, a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice." *Id*. at 1176. The *Schroyer* court also identified several factors to consider, such as the volume of the attorney's collection activities, the frequent use of a specific debt collection document or letter, whether there exists a steady relationship between the attorney and the collection agency or creditor represented, the portion of the overall caseload debt collection cases represent, and what percentage of revenues derive from debt collection activities. *Id*.

Defendant Trott argues that Plaintiff's claim under the FDCPA should be dismissed because Trott does not satisfy the definition of a debt collector. Def.'s Second/Renewed Mot. To Dismiss/Summ. J. at 17 [Docket No. 49]. Plaintiff contends that Defendant is a law firm specializing in debt collection and mortgage foreclosures. Pl.'s Mot. For Summ. J. at 1 [Docket No. 46]. The Defendant has not provided the Court with any evidence that Trott does not "regularly" engage in debt collection. For this reason, a genuine issue of material fact exists, and the Court rejects the Defendant's claim that they are excluded from the FDCPA's definition of a "debt collector."

Defendant Trott next argues that even if considered a "debt collector" under FDCPA, Defendant was not acting as a debt collector when it pursued a non-judicial/non-litigation foreclosure by advertisement on behalf of a lender. *Id*. at 18. In support Defendant cites *Montgomery v. Huntington Bank* for the proposition that "an enforcer of a security interest . . . falls outside the ambit of the FDCPA for all purposes, except for the purpose of § 1692f(6)." 346 F.3d 693, 700 (6th Cir. 2003). Section 1692f(6) prohibits a person enforcing a security interest from

"[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C.A. § 1692f(6). Defendant contends that since there was no violation of § 1692f(6), Defendant cannot be subject to liability under FRCPA. Def.'s Second/Renewed Mot. To Dismiss/Summ. J. at 18-19 [Docket No. 49].

Plaintiff alleges that Defendant Trott was acting as more than just an enforcer of the creditor's security interest, that Defendant was a third party debt collector, as evidenced by a dunning letter sent to Plaintiff on August 28, 2007. Pl.'s Am. Compl. Ex. 1. When construing the facts in a light most favorable to the Plaintiff at this stage in the proceedings, the Court cannot conclude that Trott was merely acting as an enforcer of a security interest and not as a debt collector, as that term is defined in the FDCPA. Given the fact that there is a genuine issue of material fact, it would be improper to grant Defendant's motion for dismissal or summary judgment.

### 3. Defendant's Conduct and Fraudulent Misrepresentation

Defendant Trott argues that Plaintiff has not offered any specific proof of fraud against Trott and has not plead the requisite elements of fraud with particularity as required by Federal Rules of Civil Procedure 9(b). Def.'s Second/Renewed Mot. To Dismiss/Summ. J. at 20 [Docket No. 49]. As discussed above, this Court's September 24, 2010 Order stated that "Plaintiff's Amended Complaint does state with particularity facts that, if true, would constitute fraud." Order at 6 [Docket No. 44]. Consistent with this Court's prior Order, dismissal or summary judgment on the

issue of fraud or misrepresentation is inappropriate.

### 4. Setting Aside the Mortgage Foreclosure as an Available Remedy

Defendant argues that setting aside a mortgage foreclosure is not a remedy available under the FDCPA as an element of damages. Def.'s Second/Renewed Mot. To Dismiss/Summ. J. at 19 [Docket No. 49]. However, courts have made exceptions in cases of fraud or irregularity. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Schulthies v. Barron*, 16 Mich.App 246, 247-48 (1969). Having already found that a genuine issue of material fact exists with respect to whether any fraud or misrepresentation occurred, it would be inappropriate at this point to preclude Plaintiff from the possibility of setting aside the mortgage foreclosure until the issue of fraud has been properly decided.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment **[Docket No. 46, filed on November 9, 2010]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Second/Renewed Motion for Summary Judgment **[Docket No. 49, filed on November 30, 2010]** is **DENIED**.

                                              s/Denise Page Hood  
                                              Denise Page Hood  
                                              United States District Judge

Dated: August 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 18, 2011, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager